OPINION OF THE COURT
Augustus C. Agate, J.
*530 Defendant U-Haul of Florida’s motion to dismiss pursuant to CPLR 3211 is granted. Defendant has presented sufficient evidence that it did not own the vehicle involved in plaintiffs accident. Rather, defendant presented the certificate of title demonstrating that U-Haul of Arizona was the owner of the vehicle in question. Plaintiff’s opposition seeking further discovery before the court decides this motion is without merit, as he presented no evidence to support a theory of ownership against U-Haul of Florida that would justify prolonging this matter. (See Wyllie v District Attorney of County of Kings, 2 AD3d 714 [2d Dept 2003].) Regardless, it is clear that plaintiff’s claim against either U-Haul of Florida or U-Haul of Arizona is invalid based upon Congress’ recent enactment of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users. (See 49 USC § 30106 [enacted Aug. 10, 2005].) This law, and specifically the “Graves Amendment,” resolved a longstanding debate as to the propriety of imposing vicarious liability on car owners who rent or lease their vehicles which are subsequently involved in motor vehicle accidents. By enacting the Graves Amendment, Congress has prohibited vicarious liability against these owners and preempted the laws in states, such as New York, that previously permitted it.
As plaintiffs claim against either U-Haul entity is under the theory of vicarious liability, his claim cannot stand. (See generally Piche v Nugent, 2005 WL 2428156, 2005 US Dist LEXIS 22275 [D Me 2005].)
Accordingly, defendant’s motion to dismiss is granted and plaintiffs complaint is dismissed solely as to defendant U-Haul of Florida.