■ BRUCE MILITRANO et al., Appellants, v LEDERLE LABORATORIES et al., Respondents, et al., Defendants. [810 NYS2d 506]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated November 3, 2003, which granted the motion of the defendants Lederle Laboratories and American Home Products Corporation for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The infant plaintiff, Bruce Militrano, suffered a seizure within hours of being administered a dose of Tetramune, a combination vaccine immunizing children against diphtheria, tetanus, and pertussis, as well as haemophilus type b, which can cause life-threatening infections, such as meningitis. Regular seizures followed thereafter. The infant plaintiff was ultimately diagnosed with encephalopathy and a progressive loss of brain function, and was found to be profoundly developmentally delayed and severely neurologically impaired.

Alleging that the vaccine was the cause of the infant plaintiff's condition, the plaintiffs commenced this action against its manufacturer, the defendants Lederle Laboratories and American Home Products Corporation (hereinafter the defendants), and the hospital at which the vaccine was administered, assert-

ing design defect and failure to warn claims sounding in strict products liability, breach of warranty, and negligence. After the action was voluntarily discontinued against St. Mary's Hospital and Catholic Medical Center, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiffs' claims were preempted by the National Childhood Vaccine Injury Act of 1986 (42 USC § 300aa-1 *et seq.*) (hereinafter the Vaccine Act) or, in the alternative, that the plaintiffs' claims, even if properly asserted under New York law, were without merit. The Supreme Court granted the motion, concluding, after a thorough and thoughtful analysis, that the claims asserted by the plaintiffs in this action were preempted, in part, by the Vaccine Act and, to the extent that they were not so preempted, failed to present triable issues of fact. We affirm.

The Vaccine Act established a no-fault compensation program for those injured as a result of the administration of routine childhood vaccines (*see Brice v Secretary of Health & Human Servs.*, 240 F3d 1367, 1368 [2001], *cert denied sub nom. Brice v Thompson*, 534 US 1040 [2001]; *Schafer v American Cyanamid Co.*, 20 F3d 1, 1-2 [1994]; *Graham v Wyeth Labs., a Div. of Am. Home Prods. Corp.*, 666 F Supp 1483, 1491-1492 [1987]). While the Vaccine Act provided for the continuing availability of civil remedies for injured parties who decline an award pursuant thereto (*see* 42 USC § 300aa-11 [a] [2] [a]; § 300aa-22 [a], [e]), it significantly restricted the claims that may be so asserted. Specifically, insofar as is relevant here, the Vaccine Act provides that "[n]o vaccine manufacturer shall be liable in a civil action for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, if the injury or death resulted from side effects that were unavoidable even though the vaccine was properly prepared and was accompanied by proper directions and warnings" (42 USC § 300aa-22 [b] [1]).

Congress' intent in enacting the prohibition on civil actions imposed by the Vaccine Act was to adopt by reference Restatement (Second) of Torts § 402A, Comment *k* (*see* HR Rep No. 99-908, reprinted in 1986 USCCAN 6344, 6366-6367 ["This provision sets forth the principle contained in Comment k of Section 402A of the Restatement of Torts (Second)]"). While the initial language in the House Committee Report with respect to Comment *k*, recognizing "unavoidably unsafe products" to be "those products which *in the present state of human skill and knowledge cannot be made safe*" (*id.*; emphasis supplied), appears to leave open the possibility of a design defect claim with respect to vaccines covered by the Vaccine Act, the balance of the House

Committee's discussion of the issue clearly establishes Congress' determination that the Comment *k* defense bars all such claims: "Given the existence of the compensation system in this bill, the Committee strongly believes that Comment k is appropriate and necessary as the policy for civil actions seeking damages in tort. *Vaccine-injured persons will now have an appealing alternative to the tort system. Accordingly, if they cannot demonstrate under applicable law either that a vaccine was improperly prepared or that it was accompanied by improper directions or inadequate warnings [they] should pursue recompense in the compensation system, not the tort system*" (HR Rep No. 99-908, reprinted in 1986 USCCAN 6344, 6367, *supra*) (emphasis supplied).

Preemption is a question of congressional intent (*see California Fed. Sav. & Loan Assn. v Guerra,* 479 US 272, 280 [1987]). The best source for divining that intent is the committee reports on the bill (*see Garcia v United States,* 469 US 70, 76 [1984]). Based upon the language in the House Committee report, the intent of Congress to preclude all design defect claims with respect to vaccines covered by the Vaccine Act is clear. The plaintiffs' design defect claim is thus precluded by the Vaccine Act and was properly dismissed (*see Blackmon v American Home Prods. Corp.,* 328 F Supp 2d 659, 664 [2004]).

The plaintiffs' failure to warn claim is subject to section 300aa- 22 (b) (2) of the Vaccine Act, which provides that "a vaccine shall be presumed to be accompanied by proper directions and warnings if the vaccine manufacturer shows that it complied in all material respects with all requirements under the Federal Food, Drug, and Cosmetic Act and section 262 of this title . . . applicable to the vaccine and related to vaccine-related injury or death for which the civil action was brought" (42 USC § 300aa-22 [b] [2]). The defendants satisfied their burden under this provision by producing evidence demonstrating their compliance with the applicable Food and Drug Administration (hereinafter the FDA) regulations, thus shifting to the plaintiffs the burden of coming forward with evidence that "the manufacturer withheld, either at the time the FDA decided the content of the warning, or since then, information that would have changed the FDA's decision" with regard to the content of the warning (*Hurley v Lederle Labs. Div. of Am. Cyanamid Co.,* 863 F2d 1173, 1179-1180 [1988]; *see Blackmon v American Home Prods. Corp., supra* at 666-667). Since the plaintiffs failed to meet this burden, the plaintiffs' failure to warn claim is barred by the Vaccine Act and the Supreme Court properly granted the defendants' motion for summary judgment dismissing that claim.

We decline to address the plaintiffs' constitutional claims, which have been raised for the first time on appeal (*see Lang v Cohalan,* 127 AD2d 17, 21 [1987]; *Eisen v Eisen,* 59 AD2d 521 [1977]).

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur. [*See* 3 Misc 3d 523 (2003).]