OPINION OF THE COURT
Geoffrey J. O’Connell, J.
*1147 Defendant L&B Lincoln Mercury seeks an order dismissing the claims against it pursuant to CPLR 3211 (a) (1), (5) and (7) and 3212. Plaintiffs oppose.
This action arises out of an automobile collision occurring on October 8, 2004. Plaintiff Neil Murphy claims that he was seriously injured when the car he was operating was struck by a vehicle operated by Rudolph Pontillo and owned by L&B Lincoln Mercury. He claims that Pontillo ran a red light.
In their amended complaint, plaintiffs allege that the defendant L&B Lincoln Mercury leased a 2004 Mercury van to defendant Pontillo. They allege that the collision was caused directly as a result of the carelessness, recklessness and negligence of the defendants in their ownership, operation and control of the vehicle. In paragraph 15, plaintiffs set forth the details of this allegation all of which relate to the operation of the vehicle. There is no specific claim of negligent entrustment on the part of L&B Lincoln Mercury.
The defendant L&B Lincoln Mercury seeks a dismissal of the claims against it as precluded by section 10208 of the federal Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users. (49 USC § 30106 [SAFETEA-LU or Graves Amendment].) This provision applies to all actions commenced after August 10, 2005. It provides that an owner engaged in the trade or business of renting or leasing motor vehicles shall not be liable for damages in the absence of any negligence or criminal wrongdoing. Thus, an action based solely on vicarious liability is barred. (Infante v U-Haul Co. of Fla., 11 Misc 3d 529 [2006].)
L&B Lincoln Mercury also sought a dismissal contending that pursuant to CPLR 305, the unverified amended complaint had not been served with a supplemental summons. The defendants later stipulated and accepted service of same.
In opposing dismissal, counsel for the plaintiffs argues that there is a question of whether the SAFETEA-LU applies to preclude the claims made in this complaint, as there may be a question of whether L&B Lincoln Mercury is in the business of renting or leasing motor vehicles. He argues that L&B Lincoln Mercury is, upon information and belief, a car dealership, and notes that the movant has failed to provide an affidavit by a person with firsthand knowledge of the facts to attest to it being in the business of renting or leasing automobiles.
Counsel also notes that the agreement between the defendants is actually entitled “Rental/Loaner Agreement,” which provides *1148 for the term of the rental to be a single day, as the date and time out was “10/8/04” and the date due as expiration of the contract was also “10/08/04.” Counsel also notes that there is no proof that Pontillo ever paid for the use of the vehicle, and thus there is a question of whether he just borrowed it, which would arguably make the Graves Amendment inapplicable.
In reviewing the sufficiency of a pleading, the court must construe the pleadings liberally, and the facts alleged are to be presumed true and accorded every favorable inference. (Fleming v Allstate Ins. Co., 106 AD2d 426 [2d Dept 1984]; Foley v DAgostino, 21 AD2d 60 [1st Dept 1964].) The pleadings in this case are not so deficient to warrant dismissal based on the proof and arguments of the defendant. The pleadings do articulate that L&B’s negligence in its control of the vehicle caused the accident. The failure to specifically state a theory of negligent entrustment is not fatal.
Further, as to defendant’s motion to dismiss pursuant to CPLR 3212, the court finds summary judgment is not warranted pursuant to CPLR 3212. There is insufficient evidence to determine as a matter of law that L&B Lincoln Mercury was a business in the business of vehicle leasing or renting, or that the defendant Pontillo leased or rented the van involved in the accident. The lease document is silent as to consideration paid by Pontillo for the lease of the vehicle, even if for a one-day term. Without direct testimony or evidence by a person with firsthand knowledge of the facts providing more information regarding the making and terms of the purported lease, the court cannot find it is the type of lease or rental agreement subject to the Graves Amendment. (See, Zuckerman v City of New York, 49 NY2d 557 [1980].)
Thus, based on the proof presented, the defendant’s motion is denied.