[852 NYS2d 169]

Sharon Graham, Respondent, v Rayon S. Dunkley, Defendant, and NILT, Inc., Appellant. United States of America, Intervenor.

Second Department, February 1, 2008

APPEARANCES OF COUNSEL

*London Fischer, LLP* (*Proskauer Rose, LLP [Edwin M. Baum* and *Bruce E. Fader]* of counsel), for appellant.

*Andre Mura* and *John Vail*, of the Washington, D.C. bar, admitted pro hac vice (*Scott J. Zlotolow* of counsel), for respondent.

*Roslynn R. Mauskopf, United States Attorney*, Brooklyn (*Peter D. Keisler, Mark B. Stern, Charles W. Scarborough* and *Elliot M. Schachner* of counsel), for United States of America, intervenor.

*Gibson, Dunn & Crutcher, LLP*, Washington, D.C. (*Theodore B. Olson, Mark A. Perry* and *Henry C. Whitaker* of counsel), *Gibson, Dunn & Crutcher, LLP*, Washington, D.C. (*Paul Blankenstein* of counsel), and *Gibson, Dunn & Crutcher, LLP*, Los Angeles, California (*Gail E. Lees* of counsel), for *Avis Budget Group, Inc.*, amicus curiae.

*Edwin E. Huddleson*, Washington, D.C., for American Automotive Leasing Association, amicus curiae.

*O'Melveny & Myers, LLP*, New York City (*Bradley J. Butwin, Brian P. Brooks*, and *Arthur W.S. Duff* of counsel), for Truck Renting and Leasing Association and others, amici curiae.

*Shaub Ahmuty Citrin & Spratt, LLP*, Lake Success (*Martin F. Hayes* and *Andrew Zajac* of counsel), for Defense Association of New York, Inc., amicus curiae.

*Silberstein Awad & Miklos*, Garden City (*Joseph P. Awad* of counsel), for New York State Trial Lawyers' Association, amicus curiae.

*Mayer, Brown, Rowe & Maw, LLP*, New York City (*Andrew L. Frey, Erika Z. Jones*, and *Charles A. Rothfeld* of counsel), for New York State Automobile Dealers Association and others, amici curiae.

## OPINION OF THE COURT

CARNI, J.

The plaintiff allegedly was injured in a two-car collision in Queens. The driver of the other car, the defendant Rayon S. Dunkley, leased his vehicle from County Line Buick Nissan, Inc., in Middlebury, Connecticut, which subsequently assigned the lease to the defendant NILT, Inc. (hereinafter NILT). On or

about March 8, 2006, the plaintiff commenced this action against Dunkley and NILT. The complaint did not allege any affirmative negligence on the part of NILT, but sought damages from it based on vicarious liability. NILT moved, inter alia, to dismiss the complaint insofar as asserted against it for failure to state a cause of action, based on 49 USC § 30106 (hereinafter the Graves Amendment), a federal statute which bars vicarious liability actions against professional lessors and renters of vehicles. The Supreme Court, Queens County, held that the Graves Amendment was an unconstitutional enactment in excess of congressional power pursuant to the Commerce Clause of the United States Constitution and therefore denied that branch of NILT's motion. We reverse the order insofar as appealed from.

Generally, at common law, absent an agency relationship, the owner of a vehicle was not vicariously liable for injuries caused by a driver using the vehicle with the owner's permission (*see Morris v Snappy Car Rental*, 84 NY2d 21, 27 [1994]). In 1924, the New York State Legislature enacted a statute which imposed such liability (*see* former Highway Law § 282-e). The substance of that statute has been continued and is now codified in Vehicle and Traffic Law § 388, which provides, in relevant part:

> "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."

The statute "expresses the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant" (*Continental Auto Lease Corp. v Campbell*, 19 NY2d 350, 352 [1967]; *see Tikhonova v Ford Motor Co.*, 4 NY3d 621, 624 [2005]; *Morris v Snappy Car Rental*, 84 NY2d at 27).

New York, Maine, and Rhode Island are now the only states that have statutes purporting to impose vicarious liability for an unlimited amount of damages on car owners, including lessors (*see* Martin, *Commerce Clause Jurisprudence and the Graves Amendment: Implications for the Vicarious Liability of Car Leasing Companies*, 18 U Fla J L & Pub Pol'y 153, 157-162 [2007]).

On August 10, 2005, President George W. Bush signed into law the Safe, Accountable, Flexible, Efficient Transportation

Equity Act: A Legacy for Users (SAFETEA-LU), a comprehensive transportation bill which included the Graves Amendment, now codified at 49 USC § 30106. The section, entitled "Rented or leased motor vehicle safety and responsibility," states, in relevant part:

> "(a) In general.—An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>
> "(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> "(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)."

The section applies to all actions commenced on or after August 10, 2005 (*see* 49 USC § 30106 [c]), and has been enforced as preempting the vicarious liability imposed on commercial lessors by Vehicle and Traffic Law § 388 (*see Hernandez v Sanchez*, 40 AD3d 446, 447 [2007]; *Kuryla v Halabi*, 39 AD3d 485, 486 [2007]; *Jones v Bill*, 34 AD3d 741, 742 [2006]; *Murphy v Pontillo*, 12 Misc 3d 1146, 1147 [2006]). Challenges based on the Commerce Clause of the United States Constitution have been frequently rejected (*see Merchants Ins. Group v Mitsubishi Motor Credit Assn.*, 525 F Supp 2d 309 [2007]; *Dupuis v Vanguard Car Rental USA, Inc.*, 510 F Supp 2d 980 [2007]; *Seymour v Penske Truck Leasing Co.*, 2007 WL 2212609, 2007 US Dist LEXIS 54843 [SD Ga 2007]; *Garcia v Vanguard Car Rental USA, Inc.*, 510 F Supp 2d 821 [2007]; *Iljazi v Dugre*, 2007 WL 1247246, 2007 Conn Super LEXIS 984 [2007]). We agree with the weight of precedent that the Graves Amendment was a constitutional exercise of congressional power pursuant to the Commerce Clause of the United States Constitution.

The federal government is one of enumerated powers, and those powers not delegated to the federal government are reserved to the states (*see* US Const 10th Amend). Article I (§ 8) of the United States Constitution grants Congress broad power

to enact legislation in several enumerated areas of national concern. Those laws enacted pursuant to a delegated power preempt conflicting state laws via the Supremacy Clause (US Const, art VI, cl 2).

The Commerce Clause delegates to Congress the authority "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes" (US Const, art I, § 8 [3]). In *United States v Lopez* (514 US 549 [1995]), the United States Supreme Court identified three categories of activity subject to congressional regulation under the Commerce Clause. First, Congress may regulate "the use of the channels of interstate commerce" (*id.* at 558). Second, it may regulate "the instrumentalities of interstate commerce, or persons or things in interstate commerce" (*id.*). Finally, Congress may regulate "those activities that substantially affect interstate commerce" (*id.* at 559).

In *Pierce County v Guillen* (537 US 129 [2003]), the United States Supreme Court addressed the first two of these categories—the channels and instrumentalities of, and persons or things in, commerce. In that case, the Supreme Court upheld a federal statute which protected information gathered in connection with certain federal highway safety programs from discovery in state actions. States had been reluctant to compile federally-required information pertaining to highway safety believing that such information might increase their liability in state actions by injured persons. To assuage that concern, Congress provided that information collected pursuant to the program would be protected from disclosure in state suits. Despite the challengers' argument that the statute infringed on the states' authority to establish discovery and admissibility rules in state actions, the United States Supreme Court upheld the statute. It reasoned that the statute could be viewed as legislation aimed at improving safety in the channels of commerce and increasing protection for the instrumentalities of commerce, since it could induce the states to be more diligent in collecting the relevant information (*see Pierce County v Guillen*, 537 US 129, 147 [2003]).

*Pierce* is instructive in that the statute at issue there could have been seen as regulating state discovery rules, an area of state concern. However, the Supreme Court indicated that this was too narrow a description of the activity being regulated. Since the challenged statute aided in, and was related to, the implementation of a federal regulatory program concerning safe

highways, it was a constitutional exercise of Congress' power to legislate under the Commerce Clause.

Likewise, here, the plaintiff argues that the Graves Amendment regulates "state-imposed liability for harm"—which is not in itself an instrumentality of, or thing or person in commerce. However, the statute aids in the regulation of the national market for leased and rented automobiles. Motor vehicles are "the quintessential instrumentalities of modern interstate commerce" (*United States v Bishop*, 66 F3d 569, 588 [1995]; *see United States v Ballinger*, 395 F3d 1218, 1226 [2005]; *United States v Cobb*, 144 F3d 319, 322 [1998]; *United States v McHenry*, 97 F3d 125, 126 [1996]; *United States v Oliver*, 60 F3d 547, 550 [1995]). Moreover, leased and rented vehicles are "things in" interstate commerce. "The leasing market for vehicles . . . is a national one" (*United States v Fenton*, 367 F3d 14, 23 [2004]; *see United States v Geiger*, 263 F3d 1034, 1037 [2001]). The Graves Amendment, therefore, regulates both instrumentalities of, and things in, interstate commerce. "While the Graves Amendment may affect a state's ability to impose liability, it regulates the conditions under which motor vehicle lessors operate" (*Dupuis v Vanguard Car Rental USA, Inc.*, 510 F Supp 2d 980, 985 [2007]). Furthermore, Congress may properly regulate instrumentalities of commerce "even though the threat [to interstate commerce] may come only from intrastate activities" (*United States v Lopez*, 514 US 549, 558 [1995]). Accordingly, contrary to the plaintiff's contention, jurisdictionally limiting language was unnecessary (*see Pierce County v Guillen*, 537 US 129, 146-147 [2003]; *United States v Bishop*, 66 F3d 569, 589 [1995]; *see also Southern R. Co. v United States*, 222 US 20 [1911]).

Moreover, the statute was also constitutional as a regulation of an economic "class of activities" which, taken in the aggregate, substantially affect interstate commerce (*see Gonzales v Raich*, 545 US 1, 18-22 [2005]; *Perez v United States*, 402 US 146, 154 [1971]; *Heart of Atlanta Motel, Inc. v United States*, 379 US 241, 258 [1964]; *Wickard v Filburn*, 317 US 111 [1942]).

Contrary to the plaintiff's contentions, the Graves Amendment does regulate an economic activity—the rental and lease of vehicles. That the statute does so by preempting rules of state tort law does not make it unconstitutional. The Tenth Amendment of the United States Constitution is "but a truism that all is retained which has not been surrendered" (*United States v Darby*, 312 US 100, 124 [1941]), and "does not operate

as a limitation upon the powers, express or implied, delegated to the national government" (*Case v Bowles*, 327 US 92, 102 [1946], quoting *Fernandez v Wiener*, 326 US 340, 362 [1945]). While value judgments concerning the apportionment of the costs of tort injuries are traditionally left to the states, Congress has preempted numerous state liability schemes in aid of economic regulations (*see Geier v American Honda Motor Co.*, 529 US 861 [2000] [state no-airbag tort actions preempted]; *Cipollone v Liggett Group, Inc.*, 505 US 504 [1992] [some state tort causes against cigarette manufacturers preempted]; *Mondou v New York, New Haven & Hartford RR. Co.*, 223 US 1 [1912] [preemption of state liability of common carriers for employees' injuries]; *Militrano v Lederle Labs.*, 26 AD3d 475, 477 [2006] [National Vaccine Injury Compensation Program]; *Schafer v American Cyanamid Co.*, 20 F3d 1 [1994] [same]; *City of New York v Beretta U.S.A. Corp.*, 401 F Supp 2d 244, 278-279 [ED NY 2005] [Protection of Lawful Commerce in Arms Act of 2005]; *see also* General Aviation Revitalization Act of 1994 [products liability for airlines]; Air Transportation Safety and System Stabilization Act of 2001 [suits against airlines arising out of 9/11]).

Congress may choose to preempt state liability schemes in order to effectuate regulation of economic activities which affect interstate commerce. It is the primary activity—here, the rental and lease of vehicles—which is to be evaluated for its economic nature and its impact on interstate commerce. There can be no real dispute that the rental and lease of vehicles, and the conditions under which such transactions occur, are economic activities which impact the national market. While the plaintiff argues that the link between state vicarious liability rules and interstate commerce is too attenuated to support the legislation, the link here is direct. As detailed in the amicus briefs, vicarious liability laws caused lessors to either cease leasing cars in states having them, opting for more expensive balloon note structures, or spread the cost of higher insurance premiums to lease customers nationwide.

Courts "must defer to a congressional finding that a regulated activity affects interstate commerce, if there is any rational basis for such a finding" (*Hodel v Virginia Surface Mining & Reclamation Assn., Inc.*, 452 US 264, 276 [1981]; *see Gonzales v Raich*, 545 US 1, 22 [2005]; *Katzenbach v McClung*, 379 US 294, 303-304 [1964]; *Heart of Atlanta Motel, Inc. v United States*, 379 US 241, 262 [1964]). Congress had a rational basis to

conclude that rentals and leases of vehicles, even in purely intrastate instances, have a substantial effect on interstate commerce. Accordingly, the statute is constitutional under the third *Lopez* category as well (*see Gonzales v Raich*, 545 US 1, 18-22 [2005]).

The finding that Congress had the authority, pursuant to the Commerce Clause, to enact the Graves Amendment, thereby preempting conflicting New York law, ends the analysis (*see* US Const, art VI, cl 2). Should New York wish to provide protection to innocent victims of accidents with leased and rented vehicles, it may require companies to lease or rent vehicles only to drivers with insurance, set up a fund, or take some other legislative action not barred by the federal statute. However, actions against rental and leasing companies based solely on vicarious liability may no longer be maintained.

Accordingly, the plaintiff's cause of action against NILT based solely on vicarious liability failed to state a cause of action, and the Supreme Court should have granted that branch of NILT's motion which was to dismiss the complaint insofar as asserted against it. The order is reversed insofar as appealed from, on the law, and that branch of NILT's motion which was to dismiss the complaint insofar as asserted against it is granted.

CRANE, J.P., FISHER and McCARTHY, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant NILT, Inc., which was to dismiss the complaint insofar as asserted against it is granted.