■ JAWAUN CRAIG HALL, Appellant, v ELRAC, INC., Doing Business as ENTERPRISE RENT A CAR, Respondent, and UNITED STATES OF AMERICA, Intervenor-Respondent, et al., Defendants. [859 NYS2d 641]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered January 24, 2007, which, in an action for personal injuries sustained by plaintiff while a passenger in a car owned by defendant-respondent car rental company, granted respondent's motion for summary judgment dismissing the complaint as against it to the extent of dismissing so much of the first cause of action as seeks to hold respondent vicariously liable for defendants driver's and lessee's negligence in the operation and maintenance of the car, and dismissing the second cause of action for negligent entrustment of the car in its entirety, unanimously affirmed, without costs.

Plaintiff's vicarious liability claims against respondent are barred by 49 USC § 30106, the "Graves Amendment." We reject plaintiff's argument that the Graves Amendment violates the Commerce Clause of the US Constitution (*Graham v Dunkley*, 50 AD3d 55 [2d Dept 2008], *appeal dismissed* 10 NY3d 835 [2008] [no substantial constitutional question involved], *revg* 13 Misc 3d 790 [2006]; *see also Hernandez v Sanchez*, 40 AD3d 446, 447 [1st Dept 2007]). We also reject plaintiff's argument that the Graves Amendment violates equal protection by favoring car rental companies over other vehicle owners, such as taxi owners, repair shop owners who provide loaner vehicles to customers, and car dealerships that allow test drives, who also allow others to operate their vehicles. The renting of vehicles has a clear substantial effect on interstate commerce (*Graham*, 50 AD3d at 61-62), unlike these other activities, and the same rational basis for regulating the renting of vehicles under the Commerce Clause even in purely intrastate instances—that

elimination of vicarious liability will result in a reduction of insurance costs that will in turn result in a reduction of consumer prices and allow more lessors to remain in business (*see id.* at 61)—supports the classification for purposes of equal protection. We have considered and rejected plaintiff's other arguments. Concur—Lippman, P.J., Williams, Moskowitz and Acosta, JJ.