**Aquino v EAN Holdings, LLC**

2020 NY Slip Op 35729(U)

December 28, 2020

Supreme Court, Kings County

Docket Number: Index No. 505561/2018

Judge: Devin P. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**
**County of Kings**

Part __91__

OCTAVIO IVAN AQUINO,

Plaintiff,

against

EAN HOLDINGS, LLC, ELRAC, LLC D/B/A
ENTERPRISE RENT-A-CAR AND EZRA GINSBERG,

Defendants.

Index Number _____505561/2018_____

SEQ#003 & 005

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers
considered in the review of this Motion

**Papers**
**Numbered**

| | |
|---|---|
| Notice of Motion and Affidavits Annexed........ | 1, 3 |
| Order to Show Cause and Affidavits Annexed... | |
| Answering Affidavits................................... | 2, 4 |
| Replying Affidavits..................................... | 5 |
| Exhibits................................................... | |
| Other ...................................................... | |

Upon review of the foregoing documents and after oral argument, plaintiff's motion for

summary judgment (Mot. Seq. 003) and defendants' cross-motion for summary judgment (Mot.

Seq. 005) are decided as follows:

**Factual Background**

Plaintiff commenced this action against the defendants for injuries he claims to have

sustained as a result of a motor vehicle accident on June 20, 2017, in which plaintiff was a

pedestrian, and was struck by a vehicle owned by defendants EAN Holdings and Enterprise

Renat-A-Car, and operated by defendant Ginsberg. Plaintiff testified that, at the time of the

impact, he was a pedestrian standing on a painted median in the middle of Coney Island Avenue,

a two-way thoroughfare. He testified that the location where he stopped faced a BP service

station, which included a Dunkin Donuts shop. He testified that defendant Ginsberg was

operating a large SUV. Plaintiff further testified that defendant's vehicle pulled out of the BP

station, and proceeded to cross Coney Island Avenue perpendicular to the lanes of traffic.

Plaintiff testified that defendant's vehicle attempted to make a left turn by crossing the painted

1

[* 1]

median which separated northbound from southbound traffic at that location. As defendant crossed the median, he struck plaintiff, who was standing still.

Defendant Ginsberg acknowledged in his deposition testimony that he was exiting the BP station, and that he chose to proceed across traffic to turn left, rather than turn right out of the station. Defendant Ginsberg also acknowledges that he crossed a painted median in order to make that left turn. He admits that he did not see the plaintiff until after the impact, but that he did hear plaintiff impact the left front of his SUV. Mr. Ginsberg testified that he did not see plaintiff moving at any time, and testified that he believes plaintiff did not run or walk in front of defendants' vehicle. Mr. Ginsberg acknowledges that the impact took place in the median, and that plaintiff was in the median at the time of the impact, and immediately following the impact.

Plaintiff does not allege that there was any defect in defendants' vehicle at the time of the occurrence, and defendant Ginsberg testified that the vehicle was in good working order at the time of the occurrence. Mr. Ginsberg testified that he had rented the vehicle the day before the occurrence, because his owned vehicle sustained collision damage the day before.

## Analysis

On a motion for summary judgment, the moving party bears the initial burden of making a prima facie showing that there are no triable issues of material fact (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]). Once a prima facie showing has been established, the burden shifts to the non-moving party to rebut the movant's showing such that a trial of the action is required (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]).

Plaintiff moves for summary judgment on liability. Plaintiff contends that defendant violated various sections of the New York Vehicle and Traffic Law ("VTL"). Plaintiff contends

2

[* 2]

that defendant Ginsberg violated VTL §§ 1128(d) and 1130, as well as NYC Traffic Rule 4-07(h)(1), in that he turned left when exiting the gas station by crossing a painted median in the roadway. As described above, defendant Ginsberg admits that he did turn left, and acknowledges that he drove across the painted median in the process. Mr. Ginsberg also acknowledges that he struck plaintiff while plaintiff was in the median (Mr. Ginsberg's EBT at 33; plaintiff's EBT at 62-63, 74-75) He admits that he failed to see Mr. Aquino prior to the impact (*id.* at 27-28), and that he does not believe that plaintiff ran into the street, or ran into the path of defendant's vehicle (*id.* at 37-38).

Based upon these undisputed facts, defendant is liable for the occurrence which forms the basis of this action.

Defendants EAN Holdings and Elrac move for summary judgment, pursuant to the *Graves* Amendment (49 USC § 30106; *see also Graham v Dunkley*, 50 AD3d 55, 58 [2d Dept 2008]). They contend that they are in the business of renting vehicles, and that they rented the subject vehicle to defendant Ginsberg. They further contend the vehicle was in good working order, and that there were no defects or damage which affected the operation of the defendants' vehicle. The *Graves* Amendment provides an exception to traditional vehicle owner liability under these circumstances (*id., and see* VTL § 388). Neither plaintiff nor co-defendant Ginsberg oppose this portion of defendants' motion. Accordingly, this portion of defendants' motion is granted.

Defendants also move for summary judgment on liability, claiming that they did not cause the accident, and that, instead, plaintiff was the cause. As to defendants EAN Holdings and ELRAC, this portion of defendants' motion is moot.

[* 3]

Finally, defendant Ginsberg also contends that he did not cause the accident, but that plaintiff caused the accident. Mr. Ginsberg also contends that even if he was negligent, plaintiff was also negligent. Among other things, defendant Ginsberg alleges that plaintiff was negligent in that he crossed the roadway at a location other than a designated crosswalk (VTL §1152). In this case, however, plaintiff was struck while he was standing on a designated median, and not in the intended path of traffic.

There is an interesting question about whether the statute strictly applies to these facts. For the purpose of determining whether comparative fault applies, one might ask whether the decision to cross at that location was negligent. Moreover, if negligent, it is unclear whether this negligence could constitute a proximate cause of an accident which took place in a location where defendant was not supposed to drive.

These are questions of fact, which I find are not amenable to the strict requirements of summary judgment. Accordingly, the question of plaintiff's comparative fault, if any, is preserved for trial (*Rodriguez v City of New York*, 31 NY3d 312 (2018).

**Conclusion**

For the foregoing reasons, plaintiff's motion for summary judgment (Mot. Seq. 003) is granted to the extent that defendant Ginsberg is found to be liable for this occurrence. Defendants' motion for summary judgment (Mot. Seq. 005) is granted solely to the extent that claims against defendants EAN Holdings, LLC and ELRAC, LLC are dismissed without opposition. The portion of defendants' motion seeking summary judgment on liability based upon plaintiff's conduct is denied. The matter shall proceed to trial on the question of damages,

[* 4]

as well as the issue of what comparative fault, if any, may be attributed to the plaintiff.

This constitutes the decision and order of the court.

_____December 28, 2020_____
**DATE**

**DEVIN P. COHEN**
Justice of the Supreme Court

5