■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN WALKER, Appellant. [684 NYS2d 26] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 11, 1997, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

Pursuant to a search warrant containing a "no-knock" provision and authorization to search defendant's apartment and seize specified objects, as well as "any other" stolen property, a search was conducted on January 29, 1997. The police discovered cash, crack and a CD player. Although defendant ultimately pleaded guilty, he preserved the challenge to the validity of the warrant.

Testimony revealed that the application for the warrant was

propounded by Gerry Deitz, a detective employed with the Village of Monticello Police Department in Sullivan County. Deitz represented that two suspects separately arrested and brought into police custody recounted to him that they knew that defendant regularly purchased stolen property brought to his apartment. Steven Williams, one of the informants, advised Deitz, after his arrest for possession of a stolen handgun, that he intended to sell the handgun to defendant that evening. The second informant, Floyd Spangenberg, in custody on the same day for attempting to illegally enter a church, admitted, outside of Williams' presence, that he had been with Williams when he sold stolen property to defendant at his apartment. Armed with this information and knowledge of defendant as a dealer in illegal substances, gleaned from his experience as a police officer, Deitz incorporated all of this information into his own affidavit to request a warrant.

Judging the warrant, as we must, under the two-pronged *Aguilar-Spinelli* test (*see, Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108), we conclude that the application was sufficient to demonstrate reliability of the source of the information and the basis of the informant's knowledge. Deitz specifically identified the informants and advised the issuing Magistrate that the informants were under arrest at the time that they disclosed the information (*cf., People v Griminger*, 71 NY2d 635). As the informants' statements were against their penal interest and served to cross confirm the information disclosed, the reliability of the source of information was established (*see, People v Wheatman*, 29 NY2d 337). The basis of the informants' knowledge was established by their personal participation in the sale of stolen property to defendant and Williams' statement that he planned to go to defendant's apartment that evening of his arrest to sell the stolen handgun (*cf., People v Mullins*, 137 AD2d 227, *lv denied* 72 NY2d 922; *People v Martinez*, 80 NY2d 549).

With the nebulous challenge to the stale nature of the informant's information wholly unsupported by the record, we further note no error in the request and ultimate issuance of a "no-knock" provision since the information provided supported a reasonable belief that defendant might have weapons in his apartment subjecting the police to a substantial risk of physical injury. Although we recognize that an issuing Magistrate has the authority to examine, under oath, individuals believed to possess relevant information to support a request for the issuance of a warrant, such examination is not required where, as here, it is found that a reasonable cause for its issuance has been established (*see, People v Israel*, 161 AD2d 730).

Cardona, P. J., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.