■ GINA PEDROLI et al., Respondents, v MERCEDES-BENZ USA, LLC, et al., Appellants, et al., Defendants. [944 NYS2d 150]—

In an action, inter alia, to recover damages for wrongful death, the defendants Mercedes-Benz USA, LLC, Mercedes-Benz Credit

Corporation, DaimlerChrysler Services North America, LLC, DaimlerChrysler Financial Services Americas, LLC, Chrysler Financial Services Americas, LLC, DaimlerChrysler Corporate Services, Inc., Daimler Corporate Services, Inc., Mercedes Benz Financial, and DCFS USA, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), dated January 27, 2011, as denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiffs, that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them is granted, and the motion is otherwise denied as academic.

The plaintiff sued, among others, the defendants Mercedes-Benz USA, LLC, Mercedes-Benz Credit Corporation, Daimler-Chrysler Services North America, LLC, DaimlerChrysler Financial Services Americas, LLC, Chrysler Financial Services Americas, LLC, DaimlerChrysler Corporate Services, Inc., Daimler Corporate Services, Inc., and Mercedes Benz Financial (hereinafter collectively the Mercedes Benz defendants), and the defendant DCFS USA, LLC (hereinafter DCFS), seeking to recover damages for, inter alia, the wrongful death of the plaintiff's decedent. The complaint asserted that the Mercedes Benz defendants and DCFS were vicariously liable under the theory that they were the owners and lessors of a vehicle driven by the defendant Sophia Santos. The Supreme Court denied the motion of the Mercedes Benz defendants and DCFS pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Since the Mercedes Benz defendants established, through documentary evidence, that they were not the owners and lessors of the vehicle, the Supreme Court should have granted that branch of the motion which was to dismiss the complaint insofar as asserted against them (see CPLR 3211 [a] [1]).

Additionally, the Supreme Court erred in denying that branch of the motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against DCFS. DCFS established, through documentary evidence, that it was the owner and lessor of the subject vehicle, and that it "is engaged in the trade or business of renting or leasing motor vehicles" (49 USC § 30106 [a] [1]). Accordingly, to the extent that the complaint asserted that DCFS was vicariously liable for Santos's allegedly negligent operation of the leased vehicle based solely on its ownership of the vehicle, such a claim was barred by 49

USC § 30106 (a), also known as the "Graves Amendment" (*see Burrell v Barreiro*, 83 AD3d 984, 985 [2011]; *Gluck v Nebgen*, 72 AD3d 1023 [2010]; *Graham v Dunkley*, 50 AD3d 55, 57-60 [2008]).

Further, the provisions of Vehicle and Traffic Law § 370 (3) do not apply to DCFS, since that section applies to "rental vehicles" (Vehicle and Traffic Law § 137-a) and not to "leased vehicles" (*see* Vehicle and Traffic Law § 137-a; *Schiffman v Hann Auto Trust*, 56 AD3d 650, 651 [2008]; *see also ELRAC, Inc. v Ward*, 96 NY2d 58, 78 [2001]). The vehicle in question was registered in the name of the lessee and, therefore, was a "leased vehicle" (*see* Vehicle and Traffic Law § 137-a) to which Vehicle and Traffic Law § 370 (3) does not apply.

Accordingly, the Supreme Court should have granted that branch of the motion of the Mercedes Benz defendants and DCFS which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them, and denied the remaining branch of the motion as academic. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.