■ SAMANTHA EISENBERG, Appellant, v COPE BESTWAY EXPRESS, INC., et al., Defendants, and CSX INTERMODAL, INC., et al., Respondents. [17 NYS3d 457]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered October 2, 2013, which granted that branch of the motion of the defendants Interpool, Inc., and Interpool Titling Trust which was for summary judgment dismissing the complaint insofar as asserted against them, and the separate motion of the defendants CSX Intermodal, Inc., and CSX Transportation, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and denied those branches of her cross motion which were for summary judgment determining that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and to dismiss the defenses against vicarious liability asserted by the defendants Interpool, Inc., and Interpool Titling Trust under 49 USC § 30106, and the defense asserted by the defendants CSX Intermodal, Inc., and CSX Transportation, Inc., that they were not statutory owners of the subject motor vehicle under Vehicle and Traffic Law § 128.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment determining that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with one bill of costs payable by the plaintiff to the defendants Interpool, Inc., Interpool Titling Trust, CSX Intermodal, Inc., and CSX Transportation, Inc., and one bill of costs payable by the defendants Cope Bestway Express, Inc., James G. Wright, Orcun Apak, and Munur Apak to the plaintiff.

On February 12, 2010, the plaintiff sustained personal injuries when the passenger vehicle in which she was riding was struck by a tractor-trailer. The passenger vehicle was operated by the defendant Orcun Apak and owned by the defendant Munur Apak, and the tractor-trailer was operated by the defendant James G. Wright, an employee of the defendant Cope Bestway Express, Inc., the owner of the tractor. The trailer, which was attached to and pulled by the tractor, consisted of two parts: (1) an intermodal cargo container without wheels, and (2) an intermodal chassis, which is a metal frame with wheels, upon which the intermodal cargo container sat. The container was owned by the defendant CSX Intermodal, Inc. (hereinafter, together with the defendant CSX Transportation, Inc., the CSX defendants), and the chassis, which was on lease to the CSX defendants, was owned by the defendant Interpool

Titling Trust (hereinafter, together with the defendant Interpool, Inc., the Interpool defendants). The plaintiff seeks in this action, inter alia, to hold the CSX defendants and the Interpool defendants vicariously liable for Wright's alleged negligence pursuant to Vehicle and Traffic Law § 388, and alleges that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

The Interpool defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, arguing, among other things, that pursuant to the Graves Amendment (49 USC § 30106), they were not liable for the plaintiff's injuries, as the intermodal chassis lessor, because they were a bona fide commercial lessor of motor vehicles, and there is no allegation that the accident was the result of any negligence on its part. The CSX defendants moved for summary judgment dismissing the complaint insofar as asserted against them, asserting, among other things, that they cannot be held vicariously liable as the lessee of the subject intermodal chassis because they were not a statutory owner of the chassis pursuant to Vehicle and Traffic Law § 128, and there are no allegations of direct negligence alleged against them. The plaintiff cross-moved, inter alia, for summary judgment determining that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and dismissing the aforementioned defenses raised by the Interpool defendants and the CSX defendants.

Contrary to the plaintiff's contention, the Interpool defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. The Interpool defendants established that the Graves Amendment applied to shield them from liability by demonstrating the absence of any material issues of fact with respect to whether they were commercial lessors of motor vehicles, that they had in fact leased the subject chassis to the CSX defendants pursuant to a user equipment agreement at the time of the accident, that the chassis qualifies as a motor vehicle under the Graves Amendment, and that there are no allegations of direct negligence against them (see 49 USC § 30106; Bravo v Vargas, 113 AD3d 579, 580 [2014]; Khan v MMCA Lease, Ltd., 100 AD3d 833 [2012]; Castillo v Amjack Leasing Corp., 84 AD3d 1297 [2011]; Gluck v Nebgen, 72 AD3d 1023 [2010]; Yoon Young Lee v Rivera, 27 Misc 3d 1201[A], 2010 NY Slip Op 50517[U] [Sup Ct, NY County 2010]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of

the Interpool defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and denied that branch of the plaintiff's cross motion which was for summary judgment dismissing their defense based on the Graves Amendment.

The CSX defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they were not vicariously liable for the negligence of the driver in connection with the subject accident. The CSX defendants submitted evidence demonstrating that, for more than 30 days prior to the accident, they did not have exclusive control of the chassis, which was rented to another company within that period and, thus, they were not statutory owners of the chassis (*see* Vehicle and Traffic Law §§ 128, 388; *La Plant v Cutlip*, 258 AD3d 769 [1999]; *McClaney v Utility Equip. Leasing Corp.*, 560 F Supp 1270 [ND NY 1983]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted the CSX defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, and denied that branch of the plaintiff's cross motion which was to dismiss the CSX defendants' defense against vicarious liability.

However, we agree with the plaintiff that the Supreme Court incorrectly denied, as untimely, that branch of her cross motion which was for summary judgment determining that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. There is no indication in the record before us that there was a scheduling order in place, or that a note of issue was filed which would have triggered the CPLR 3212 (a) 120-day statutory deadline for the filing of summary judgment motions, and no defendant took issue with the timeliness of the cross motion. Further, the plaintiff made a prima facie showing that the subject accident caused her to sustain a fracture and, thus, a serious injury within the meaning of Insurance Law § 5102 (d) (*see Tagger v Olympic Van Line, Inc.*, 38 AD3d 646 [2007]). None of the defendants opposed the plaintiff's prima facie showing. Accordingly, that branch of the plaintiff's cross motion which was for summary judgment determining that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident should have been granted against the defendants Cope Bestway Express, Inc., James G. Wright, Orcun Apak, and Munur Apak. Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.