(June 15, 2016)

■ Dinorah Carmen Anglero et al., Respondents, v Nazim Hanif et al., Defendants, and U-Haul International, Inc., Appellant. [35 NYS3d 152]—

In an action to recover damages for personal injuries, the defendant U-Haul International, Inc., appeals (1) from an order of the Supreme Court, Kings County (Solomon, J.), dated April 22, 2015, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it, (2) from an order of the same court dated October 22, 2015, which granted the cross motion of the defendant Jose D. Ortega for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and (3), as limited by its brief, from so much of an order of the same court, also dated October 22, 2015, as denied that branch of its motion which was for leave to renew its prior motion.

Ordered that the appeal from the first order dated October 22, 2015, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order dated April 22, 2015, is affirmed, without costs or disbursements; and it is further,

Ordered that the second order dated October 22, 2015, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs allegedly were passengers in a car operated by the defendant Jose D. Ortega, which was struck in the rear by a truck (hereinafter the subject vehicle) operated by the defendant Nazim Hanif and owned by the defendant U-Haul International, Inc. (hereinafter U-Haul). The plaintiffs commenced this action against Hanif, U-Haul, and Ortega to recover damages for personal injuries arising from the subject accident, alleging, among other things, that the defendants were negligent in the maintenance of the subject vehicle. U-Haul moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it, relying upon the Graves Amendment (49 USC § 30106 [a]). In support of its motion, U-Haul submitted, inter alia, a rental agreement showing that the subject vehicle had been rented to Hanif at the time of the accident, and the affidavit of an investigator stating that, based upon his interview of Hanif, he believed the accident had been intentionally staged to commit insurance fraud. The Supreme Court denied the motion on the ground that U-Haul failed to demonstrate that it was not negligent in the happening of the accident. U-Haul, inter alia, moved for leave to renew its prior motion, and the court denied that motion. U-Haul appeals.

49 USC § 30106 (a), also known as the Graves Amendment, provides that "the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (i) is engaged in the trade or business of renting or leasing motor vehicles, and (ii) engaged in no negligence or criminal wrongdoing" (*Bravo v Vargas*, 113 AD3d 579, 580 [2014]). "The legislative history of the Graves Amendment indicates that it was intended to 'protect the vehicle rental and leasing industry against claims for vicarious liability where the leasing or rental company's only relation to the claim was that it was the technical owner of the [vehicle]' " (*Cioffi v S.M. Foods, Inc.*, 129 AD3d 888, 893 [2015], quoting *Rein v Cab E. LLC*, 2009 WL 1748905, *2, 2009 US Dist LEXIS 52617, *6 [SD NY, June 22, 2009, No. 08 Civ 2899 (PAC)]).

With respect to that branch of U-Haul's motion which was pursuant to CPLR 3211 (a) (1), although U-Haul submitted documentary evidence establishing that it was engaged in the business of renting vehicles and that the subject vehicle had been rented to Hanif at the time of the accident, U-Haul failed to conclusively establish that it was not negligent in the

maintenance of the vehicle, as alleged (*see Olmann v Neil*, 132 AD3d 744 [2015]; *cf. Pedroli v Mercedes-Benz USA, LLC*, 94 AD3d 842, 843 [2012]; *Hernandez v Sanchez*, 40 AD3d 446, 447 [2007]). The affidavit relied upon by U-Haul to establish that the accident was intentionally caused does not constitute documentary evidence within the meaning of CPLR 3211 (a) (1) (*see Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]; *see also Fontanetta v John Doe 1*, 73 AD3d 78, 84-85 [2010]).

With respect to that branch of U-Haul's motion which was pursuant to CPLR 3211 (a) (7), "[w]here, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*YDRA, LLC v Mitchell*, 123 AD3d 1113, 1113-1114 [2014], citing *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Here, U-Haul's evidentiary submissions failed to establish that the allegations of negligent maintenance were not a fact at all, such that it can be said that no significant dispute exists (*cf. Khan v MMCA Lease, Ltd.*, 100 AD3d 833, 834 [2012]). Moreover, "[a]ffidavits received on a motion to dismiss for failure to state a cause of action which has not been converted to a motion for summary judgment are not to be examined for the purpose of determining whether there is evidentiary support of the pleading" (*Hinrichs v Youssef*, 214 AD2d 604, 604-605 [1995], citing *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]; *see Kempf v Magida*, 37 AD3d 763, 765 [2007]).

Further, the Supreme Court properly denied that branch of U-Haul's separate motion which was for leave to renew its prior motion, as it failed to offer a reasonable justification as to why the new evidence submitted in support of the motion was not submitted in opposition to the prior motion (*see* CPLR 2221 [e] [3]; *see also Paul-Austin v McPherson*, 111 AD3d 610, 611 [2013]). In any event, the newly submitted evidence would not have changed the prior determination (*see Carducci v Russell*, 135 AD3d 887, 888 [2016]). Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.