■ TAWANA COE, Individually and as Administrator of the Estate of TERANGUIA TYUS BERTON, Deceased, Respondent, v TOYOTA MOTOR NORTH AMERICA, INC., et al., Defendants, and CITIWIDE AUTO LEASING, INC., Appellant. [53 NYS3d 369]—

In an action to recover damages for personal injuries and wrongful death, etc., the defendant Citiwide Auto Leasing, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Y. Lewis, J.), dated March 27, 2015, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging negligence insofar as asserted against it for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's decedent, Teranguia Tyus Berton, was killed on November 14, 2011, when the vehicle he was driving went off a roadway and collided with a concrete bridge abutment. The plaintiff commenced this action to recover damages for personal injuries and wrongful death against, among others,

Citiwide Auto Leasing, Inc. (hereinafter Citiwide), from which Berton had rented the vehicle. The complaint alleged that there had been multiple complaints to Citiwide concerning the condition of the vehicle, and that Citiwide's negligence caused Berton's injuries. Citiwide made a pre-answer motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court, inter alia, denied that branch of the motion which was to dismiss the cause of action alleging negligence. Citiwide appeals.

On a motion pursuant to CPLR 3211 (a) (7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one (*see Leon v Martinez*, 84 NY2d at 88; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Here, the plaintiff's allegations, as supplemented by the evidentiary material submitted in opposition to Citiwide's motion, sufficiently alleged that Citiwide was negligent in maintaining the subject vehicle and that such negligence was a proximate cause of the accident. Accordingly, the Supreme Court properly denied that branch of Citiwide's motion which was to dismiss the cause of action alleging negligence insofar as asserted against it. Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.