In an action to recover damages for personal injuries, the defendant Citiwide Auto Leasing, Inc., appeals from an order of the Supreme Court, Queens County (D. Hart, J.), entered August 4, 2015, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it, and granted the plaintiff’s cross motion for leave to amend the complaint to add Erica T. Ames as a defendant.
 

 Ordered that the appeal from so much of the order as granted the plaintiff’s cross motion is dismissed, as the appellant is not aggrieved thereby (see CPLR 5511); and it is further,
 

 Ordered that the order is affirmed insofar as reviewed; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 In June 2012, the plaintiff commenced this action against Citiwide Auto Leasing, Inc. (hereinafter Citiwide), and “Jane Doe,” alleging that the plaintiff was struck and injured by a vehicle owned by Citiwide and that the operator of the vehicle left the scene of the accident. The plaintiff alleged, inter alia, that Citiwide was negligent in the maintenance of the vehicle.
 

 Citiwide moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a), asserting that the action is barred by 49 UCS § 30106 (hereinafter the Graves Amendment). In support, Citiwide submitted the affidavit of its claims manager, who averred that Citiwide is the owner of the vehicle involved in the alleged accident and that Citiwide is in the business of renting and leasing motor vehicles. The claims manager further averred that, upon searching the records of Citiwide, she found that the vehicle was maintained properly and that it was operating without defects or complaints. The claims manager did not provide any specific information about the maintenance record of the vehicle or indicate any dates as to when it had been serviced by Citiwide; Citiwide also did not provide any maintenance records or files in support of its motion.
 

 The Supreme Court denied Citiwide’s motion to dismiss and granted the plaintiff’s cross motion to amend the complaint to add the individual who leased the vehicle from Citiwide as a defendant in the action.
 

 On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Moreover, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the motion should not be granted unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Coe v Toyota Motor N. Am., Inc., 150 AD3d 667, 668 [2017]; Anglero v Hanif, 140 AD3d 905, 907 [2016]).
 

 The Graves Amendment provides that “the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (i) is engaged in the trade or business of renting or leasing motor vehicles, and (ii) engaged in no negligence or criminal wrongdoing” (Bravo v Vargas, 113 AD3d 579, 580 [2014]; 49 USC § 30106 [a]). “The legislative history of the Graves Amendment indicates that it was intended to ‘protect the vehicle rental and leasing industry against claims for vicarious liability where the leasing or rental company’s only relation to the claim was that it was the technical owner of the [vehicle]’ ” (Cioffi v S.M. Foods, Inc., 129 AD3d 888, 893 [2015], quoting Rein v CAB E. LLC, 2009 WL 1748905, *2, 2009 US Dist LEXIS 52617, *6 [SD NY, June 22, 2009, No. 08 Civ 2899 (PAC)]).
 

 Here, there is no dispute that Citiwide is the owner of the vehicle involved in the alleged accident, and that Citiwide is in the business of renting and leasing motor vehicles. Nevertheless, the Supreme Court properly denied Citiwide’s motion to dismiss, as the affidavit it submitted did not conclusively establish that there is no significant dispute as to the plaintiff’s allegation of negligent maintenance (see Coe v Toyota Motor N. Am., Inc., 150 AD3d at 668; Anglero v Hanif, 140 AD3d at 907; see also Olmann v Neil, 132 AD3d 744, 745-746 [2015]).
 

 Accordingly, Citiwide’s motion to dismiss the complaint insofar as asserted against it was properly denied.
 

 Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.