37 South Fifth Ave. Corp., Respondent,
against
Dimensional Stone & Tile, Defendant, and Penske Leasing & Rental, Appellant.




McManus, Ateshoglou, Adams, Aiello & Apostolakos, PLLC (Suzanne J. Adams, Esq.), for appellant.
Galvano & Xanthakis, P.C. (Constantine A. Pantazis, Esq.), for defendant Dimensional Stone & Tile.
Nancy A. Luongo, Esq., for respondent (no brief filed).

Appeal from a decision of the City Court of Mount Vernon, Westchester County (Adam Seiden, J.; op 43 Misc 3d 1216[A], 2014 NY Slip Op 50665[U] [2014]), dated April 24, 2014, deemed from a judgment of the same court entered April 24, 2014 (see CPLR 5512 [a]). The judgment, upon a submission of undisputed facts, awarded plaintiff the principal sum of $4,371.92 as against defendant Penske Leasing & Rental.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the City Court for the entry of a judgment dismissing so much of the action as is against defendant Penske Leasing & Rental.
In this commercial claims action, plaintiff seeks to recover the principal sum of $4,371.92 for property damage it sustained when a vehicle it owned was hit by a vehicle that was owned by defendant Penske Leasing & Rental (Penske) but had been rented by Penske to, and was driven by an employee of, defendant Dimensional Stone & Tile (Dimensional). Defendants did not contest the underlying facts of the collision or the amount of plaintiff's damages; nor did Dimensional deny that it had signed a truck rental agreement with Penske, pursuant to which [*2]Dimensional had agreed to provide liability insurance on the rental vehicle and to indemnify Penske against all claims, damages and expenses which arose from Dimensional's use of the rental vehicle. There was no claim that Penske had been negligent or had engaged in criminal wrongdoing. Following written submissions by defendants, the City Court, relying on the case of ELRAC, Inc. v Ward (96 NY2d 58 [2001]), concluded that the rental agreement permitted Penske to seek indemnification from Dimensional only to the extent that Penske's liability exceeded the $10,000 minimum amount of liability insurance for property damage which, pursuant to Vehicle and Traffic Law § 370 (1) (b), Penske was required to maintain on the vehicle. Since plaintiff's damages had been less than the $10,000 statutory minimum insurance amount for property damage, the City Court found that Penske alone was liable to plaintiff. Judgment was entered on April 24, 2014, awarding plaintiff the principal sum of $4,371.92 as against Penske. The judgment did not dispose of plaintiff's claim against Dimensional. This appeal by Penske ensued.
Pursuant to Vehicle and Traffic Law § 370 (1) and (3), entities engaged in the business of renting or leasing rental vehicles are required to file with the Commissioner of Motor Vehicles evidence of either a corporate surety bond or a liability insurance policy, or, if qualified to do so, a certificate of self-insurance, for each of their vehicles, for various specified sums, including, insofar as relevant to the case at bar, a minimum of $10,000 for property damage (Vehicle and Traffic Law § 370 [1] [b]). Vehicle and Traffic Law § 388 states generally that every owner of a motor vehicle shall be liable for any damage to person or property caused by the negligent use or operation of such motor vehicle. In 2001, in ELRAC, Inc. v Ward (96 NY2d 58, 72), the Court of Appeals considered "the interplay of Vehicle and Traffic Law §§ 370 and 388 with the law of indemnification," and held that Vehicle and Traffic Law § 370 prohibited commercial renters and lessors of motor vehicles from seeking indemnification from their lessees for amounts up to the minimum insurance requirements.
Thereafter, the Graves Amendment (49 USC § 30106), which became effective on August 10, 2005, was enacted. The Graves Amendment exempts commercial renters and lessors of motor vehicles from liability for harm to persons or property that results or arises out of the use, operation or possession of such leased or rented vehicles, provided that there is no negligence or criminal wrongdoing on the part of the owner (see Graham v Dunkley, 50 AD3d 55 [2008]). While it specifically supersedes state laws which impose such vicarious liability on the commercial renters and lessors of motor vehicles (see 49 USC § 30106 [a]), the Graves Amendment includes a "savings clause," which provides:
"(b) Financial responsibility laws.- -Nothing in this section supersedes the law of any State or political subdivision thereof- -
(1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or
(2) imposing liability on business entities engaged in the trade or business of renting or [*3]leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law" (49 USC § 30106 [b]).
The questions we are confronted with here are whether the $10,000 minimum liability insurance requirement for property damage, set forth in Vehicle and Traffic Law § 370 (1) (b), falls within the "financial responsibility" provisions of the Graves Amendment's savings clause, and, if so, whether, by reason of such savings clause, the commercial renter of a motor rental vehicle may be held vicariously liable for property damage caused by its lessee, up to a ceiling of $10,000. 
We conclude that the requirement of Vehicle and Traffic Law § 370 (1) and (3), that commercial renters and lessors of motor rental vehicles file with the Commissioner of Motor Vehicles evidence of either a corporate surety bond or a liability insurance policy, or, if qualified to do so, a certificate of self-insurance, for each of their vehicles, constitutes a "financial responsibility law" within the meaning of the Graves Amendment, since it ensures that commercial renters and lessors of such vehicles will be financially capable of covering a statutorily specified minimum amount of damage for the types of liability which continue even following the passage of the Graves Amendment, i.e., when the liability is based on the commercial renters' or lessors' own negligence or criminal wrongdoing. However, while that requirement is explicitly not superseded under the Graves Amendment, its survival in no way undercuts the Graves Amendment's absolute exemption of commercial renters and lessors of motor vehicles from liability for damages caused solely by the negligence of those who rent or lease from them; to hold otherwise would rescue every vicarious liability suit in New York State, at least up to the $10,000 statutory minimum insurance amount for property damage set forth in Vehicle and Traffic Law § 370 (1) (b), and would, to that extent, render the federal preemption clause (US Const, art VI, cl 2) a nullity (see Garcia v Vanguard Car Rental, USA, Inc. (540 F3d 1242, 1248 [11th Cir 2008]). We note too that appellate courts in New York have, under the Graves Amendment, consistently found commercial renters and lessors of motor vehicles to be 100% exempt from vicarious liability claims (see e.g. Antoine v Kalandrishvili, 150 AD3d 941, 942 [2017] [leased vehicle]; Aviaev v Nissan Infiniti LT, 150 AD3d 807 [2017] [leased vehicle]; Anglero v Hanif, 140 AD3d 905 [2016] [rental vehicle]; Eisenberg v Cope Bestway Express, Inc., 131 AD3d 1198, 1200-1201 [2015] [leased vehicle]; Bravo v Vargas, 113 AD3d 579, 580 [2014] [rental vehicle]; Pedroli v Mercedes-Benz USA, LLC, 94 AD3d 842, 843-844 [2012] [leased vehicle]; Ballatore v HUB Truck Rental Corp., 83 AD3d 978, 979 [2011] [rental vehicle]; but see Matter of Allstate Ins. Co. v ELRAC Inc., 26 Misc 3d 1234[A], 2010 NY Slip Op 50370[U] [Sup Ct, Kings County 2010]; ELRAC, Inc. v Russo, 19 Misc 3d 1143[A], 2008 NY Slip Op 51155[U] [Nassau Dist Ct 2008]). We therefore hold that those portions of Vehicle and Traffic Law § 370 which require commercial renters and lessors of motor vehicles to file with the Commissioner of Motor Vehicles evidence of either a corporate surety bond or a liability insurance policy, or, if qualified to do so, a certificate of self-insurance, for each of their vehicles, do not operate to impose vicarious liability to any extent upon such commercial renters and lessors, and that the City Court's determination, which imposed such vicarious liability on Penske, failed to render substantial justice pursuant to the rules and principles of substantive law (see UCCA 1804-A, 1807-A).
We note that any issues pertaining to Dimensional's liability are not properly before us on this appeal by Penske.
Accordingly, the judgment is reversed and the matter is remitted to the City Court for the entry of a judgment dismissing so much of the action as is against defendant Penske Leasing & Rental.
TOLBERT and BRANDS, JJ., concur.
IANNACCI, J.P., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2017