Currie v Mohammad Z. Mansoor (2018 NY Slip Op 01594)





Currie v Mohammad Z. Mansoor


2018 NY Slip Op 01594


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2016-11497
 (Index No. 501989/15)

[*1]Tiffany Marie Currie, respondent, 
v
Mohammad Z. Mansoor, et al., defendants, Home Depot U.S.A., Inc., appellant.


D'Amato & Lynch, LLP, New York, NY (Megan Marchick Le and Stephen F. Willig of counsel), for appellant.
 William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated September 28, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendant Home Depot U.S.A., Inc., and denied that branch of the cross motion of the defendants Home Depot Store 1256, Home Depot U.S.A., Inc., and D L Peterson Trust which was for summary judgment dismissing the complaint insofar as asserted against the defendant Home Depot U.S.A., Inc.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendant Home Depot U.S.A., Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured when a car (hereinafter the subject vehicle) operated by the defendant Mohammad Z. Mansoor struck the car she was operating. The subject vehicle was owned by the defendant D L Peterson Trust (hereinafter DL) and leased to the defendant Home Depot U.S.A., Inc. (hereinafter Home Depot and, together with DL, the vehicle defendants). The plaintiff commenced this action to recover damages for personal injuries against, among others, Mansoor and the vehicle defendants.
The plaintiff moved for summary judgment on the issue of liability, and the vehicle defendants, together with the defendant Home Depot Store 1256, cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Home Depot. The Supreme Court granted that branch of the motion which was for summary judgment on the issue of liability insofar as asserted against Home Depot and denied that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against Home Depot. Home Depot appeals.
Home Depot contends that it was entitled to summary judgment dismissing the complaint insofar as asserted against it because it is protected from liability by 49 USC § 30106, also [*2]known as the Graves Amendment. Under the Graves Amendment, an owner of a motor vehicle which rents that vehicle to another cannot be held vicariously liable for personal injuries resulting from the use of the vehicle "during the period of the rental" if the owner: (1) "is engaged in the trade or business of renting or leasing motor vehicles"; and (2) "there is no negligence or criminal wrongdoing on the part of the owner" (49 USC § 30106[a]; see Nelson v Citywide Auto Leasing, Inc., 154 AD3d 863; Bravo v Vargas, 113 AD3d 579, 580).
Here, the vehicle defendants submitted evidence demonstrating that Mansoor was not Home Depot's employee or agent, that Home Depot operates a program under which it rents vehicles for a fee, and that the vehicles used in that program are leased by Home Depot from entities "such as DL." However, Home Depot failed to submit sufficient evidence to establish that it had rented out the subject vehicle at the time of the accident. Accordingly, Home Depot failed to demonstrate, prima facie, that the plaintiff's claim against it arose "during the period of the rental," as was required to obtain the protection of the Graves Amendment (49 USC § 30106[a]; see Cioffi v S.M. Foods, Inc., 129 AD3d 888, 892). Moreover, the defendants failed to eliminate questions of fact as to whether Home Depot had negligently maintained the subject vehicle and whether the condition of the vehicle was a proximate cause of the accident, as alleged by the plaintiff (see Nelson v Citywide Auto Leasing, Inc., 154 AD3d 863; Anglero v Hanif, 140 AD3d 905, 906-907; Olmann v Neil, 132 AD3d 744, 745-746). Accordingly, the Supreme Court properly denied that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against Home Depot.
However, since Home Depot's evidence was sufficient to raise a triable issue of fact as to whether the Graves Amendment applied, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against Home Depot.
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court