Lozano v Magda, Inc. (2018 NY Slip Op 07301)





Lozano v Magda, Inc.


2018 NY Slip Op 07301


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-06900
 (Index No. 17833/14)

[*1]Fabio Michael Lozano, Jr., respondent, 
v
Magda, Inc., appellant, et al., defendant.


Sweetbaum & Sweetbaum, Lake Success, NY (Marshall D. Sweetbaum of counsel), for appellant.
Subin Associates, LLP, New York, NY (Robert J. Eisen and Pollack, Pollack, Isaac & DeCicco, LLP [Brian Isaac], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Magda, Inc., appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered April 24, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured on October 5, 2014, when the vehicle he was driving was struck in the rear by a commercial van operated by the defendant Israr Ahmad and owned by the defendant Magda, Inc. (hereinafter Magda). The plaintiff subsequently commenced this personal injury action against Magda and Ahmad. Following the completion of discovery, Magda moved for summary judgment dismissing the complaint insofar as asserted against it on the basis of 49 USC § 30106(a) (hereinafter the Graves Amendment). The Supreme Court denied the motion, and Magda appeals.
The Graves Amendment provides that "the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (i) is engaged in the trade or business of renting or leasing motor vehicles, and (ii) engaged in no negligence or criminal wrongdoing" (Bravo v Vargas, 113 AD3d 579, 580; see Anglero v Hanif, 140 AD3d 905, 906).
Although Magda submitted evidence establishing, prima facie, that it owned the subject van, that it engaged—together with its operating affiliate, Skyline Car Rental—in the business of renting motor vehicles, and that the subject accident occurred during the period of the rental (see Currie v Mansoor, 159 AD3d 797, 798), Magda failed to submit evidence establishing that it was free from negligence. In his bill of particulars, the plaintiff alleged, inter alia, that the van driven by Ahmad had "ineffectual brakes, appliances and other devices," and it is undisputed that Magda performed maintenance and repairs on all of its rental vehicles. Under the circumstances, in order to establish its prima facie entitlement to judgment as a matter of law, Magda was required to show that it did not negligently maintain the subject van (see id. at 798; Olmann v Neil, 132 AD3d [*2]744, 745-746). Because Magda failed to make this prima facie showing, we agree with the Supreme Court's determination to deny Magda's motion without regard to the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court