Makris v Boylan (2019 NY Slip Op 06598)





Makris v Boylan


2019 NY Slip Op 06598


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-06638
 (Index No. 986/18)

[*1]Jerry Makris, appellant, 
v
James Boylan, et al., respondents.


Lowenstein Sandler LLP, New York, NY (Michael A. Kaplan of counsel), for appellant.
Dickover, Donnelly & Donovan, LLP, Goshen, NY (David A. Donovan of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated May 14, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and to discharge the notice of pendency and denied, as academic, the plaintiff's motion to amend the notice of pendency and cross motion to disqualify the defendants' attorney.
ORDERED that the order is affirmed, with costs.
On January 16, 2018, the plaintiff and the defendants entered into a "Purchase Agreement" for property located in Goshen (hereinafter the property). The agreement set a total price of $1,480,000 for the property, with a $74,000 down payment due "upon the signing of a formal contract of sale," and provided that the sale was not subject to a mortgage contingency. The agreement also provided that certain household items were included in the sale, set a closing date of April 15, 2018 "or ASAP," stated that it was "contingent upon Purchaser and Seller obtaining approval of this Agreement by their respective attorneys," and was subject to a 45-day due diligence period.
Counsel for the defendants sent a letter dated January 22, 2018, to counsel for the plaintiff stating that, after consulting with his office, the defendants elected not to proceed with the real estate transaction. Counsel for the plaintiff claims that the letter was sent on January 25, 2018, nine days after the contract was signed, while counsel for defendants claims the letter was sent on January 23, 2018, seven days after the contract was signed. Thereafter, the plaintiff commenced this action, inter alia, for specific performance on the contract, and filed a notice of pendency against the property. The plaintiff then moved to amend the notice of pendency to correct the legal description of the property. Subsequently, the defendants moved, in effect, pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint and to discharge the notice of pendency. The defendants argued that the agreement was not a valid and enforceable contract as it, inter alia, did not satisfy the statute of frauds and the required attorney approval by the defendants' attorney was not given. The plaintiff opposed the motion and cross-moved to disqualify the defendants' attorney. The Supreme Court [*2]granted the defendants' motion to dismiss the complaint and denied, as academic, the plaintiff's motion to amend the notice of pendency and cross motion to disqualify the defendants' attorney. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) based on the statute of frauds, "a court must take the allegations as true and resolve all inferences which reasonably flow therefrom in favor of the pleader" (Baron v Suissa, 167 AD3d 685, 687 [internal quotation marks omitted]; see AAA Viza, Inc. v Business Payment Sys., LLC, 38 AD3d 802, 803). Pursuant to General Obligations Law § 5-703(2), a contract for the sale of real property "is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." A writing satisfies the statute of frauds if it identifies the parties to the transaction, describes the properties to be sold with sufficient particularity, states the purchase price and the down payment required, and is subscribed by the party to be charged (see Chemtob v II Padrone Constr. II, LLC, 149 AD3d 900, 901; Simpson v 1147 Dean, LLC, 116 AD3d 835, 836). Here, the purchase agreement identified the parties to the transaction, described the property to be sold with reasonable particularity, stated the purchase price and down payment required, set a closing date, and stated that the transaction was not subject to mortgage financing. "The additional fact that the agreement stated that a more formal contract was to be signed does not render the purchase . . . agreement unenforceable" (Pescatore v Manniello, 19 AD3d 571, 572; see Triple A Supplies, Inc. v WPA Acquisition Corp., 95 AD3d 1301, 1301; Atai v Dogwood Realty of N.Y., Inc., 24 AD3d 695, 699). Accordingly, the purchase agreement satisfied the statute of frauds.
However, the defendants established their entitlement to dismissal of the complaint pursuant to CPLR 3211(a)(7). "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Nelson v Citiwide Auto Leasing, Inc., 154 AD3d 863, 864; see Leon v Martinez, 84 NY2d 83, 87-88). "Moreover, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the motion should not be granted unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Nelson v Citiwide Auto Leasing, Inc., 154 AD3d at 864-865; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
The evidentiary material submitted by the defendants in support of their motion demonstrated that the plaintiff had no cause of action against them. Contrary to the plaintiff's contention, the evidence conclusively established that the purchase agreement was unenforceable because it was subject to attorney approval, which was not given by the defendants' attorney. As the purchase agreement contained no time limit within which approval was required "a reasonable time for cancellation thereunder is implied" (Yuen v Kwan Kam Cheng, 69 AD3d 536, 537). Whether, as acknowledged by the defendants, it was seven days after the parties entered into the purchase agreement that the defendants' attorney disapproved it, or as alleged by the plaintiff, it was nine days after the parties entered into the purchase agreement that the defendants' attorney disapproved it, the time between the parties entering into the agreement and the disapproval was minimal, during which no prejudice would inure to the plaintiff, and was a reasonable time period as a matter of law.
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion to dismiss the complaint and to discharge the notice of pendency and to deny, as academic, the plaintiff's motion and cross motion.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court