Ibas v Peralta (2025 NY Slip Op 01916)

Ibas v Peralta

2025 NY Slip Op 01916

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-07285
 (Index No. 56904/21)

[*1]Emine Ibas, appellant, 
v
Carlos M. Peralta, respondent (and a third-party action).

Martin + Colin, P.C., White Plains, NY (William Martin of counsel), for appellant.
Spector Gadon Rosen Vinci P.C., New York, NY (Bruce Bellingham of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated May 11, 2023. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint and denied, as academic, that branch of the plaintiff's motion which was for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, and that branch of the plaintiff's motion which was for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is granted.
The plaintiff was a passenger in a vehicle operated by Sebahattin Ibas when a vehicle operated by the defendant collided with Ibas's vehicle as Ibas attempted to turn left at an intersection. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in the accident. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint, arguing that Ibas's negligence in failing to yield the right-of-way to the defendant was the sole proximate cause of the accident. The plaintiff opposed the defendant's motion and moved, inter alia, for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated May 11, 2023, the Supreme Court, among other things, granted the defendant's motion for summary judgment dismissing the complaint and denied, as academic, that branch of the plaintiff's motion which was for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff appeals.
"There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1084 [citations and internal quotation marks omitted]; see Saviano v TT of Massapequa, Inc., 223 AD3d 851, 852). Therefore, "[a] defendant moving for summary judgment [*2]in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Rogers v Consolidated Edison Co. of N.Y., Inc., 223 AD3d 689, 690 [internal quotation marks omitted]).
Vehicle and Traffic Law § 1141 requires a driver turning left at an intersection to yield the right-of-way to any vehicle approaching from the opposite direction that is "within the intersection or so close as to constitute an immediate hazard." "The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law" (Shuofang Yang v Sanacore, 202 AD3d 1120, 1121). However, "a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (Saviano v TT of Massapequa, Inc., 223 AD3d at 853 [internal quotation marks omitted]; see Rogers v Consolidated Edison Co. of N.Y., Inc., 223 AD3d at 691).
Here, the defendant failed to establish, prima facie, that he was free from fault in the happening of the accident and that Ibas's negligence was the sole proximate cause of the accident. In support of his motion, the defendant submitted, inter alia, transcripts of his deposition testimony and the deposition testimony of the plaintiff and Ibas, which provided conflicting evidence as to the facts surrounding the accident. The testimony, viewed in the light most favorable to the plaintiff as the nonmoving party (see Pearson v Dix McBride, LLC, 63 AD3d 895, 895), presented triable issues of fact, among other things, as to whether the defendant was speeding at the time of the accident and whether the defendant's vehicle was so close to the intersection "as to constitute an immediate hazard" prior to Ibas's vehicle turning left (Shuofang Yang v Sanacore, 202 AD3d at 1122; see Gaudio v City of New York, 189 AD3d 1546, 1548; Brodney v Picinic, 172 AD3d 673). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court denied, as academic, that branch of the plaintiff's motion which was for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. Since the merits of that branch of the plaintiff's motion were litigated by the parties in the court, with the defendant conceding that the plaintiff's wrist fracture was a serious injury, and the plaintiff has raised the issue in her brief on appeal, we address that branch of the plaintiff's motion in the interest of judicial economy (see Skeldon v Faessler, 219 AD3d 851, 853).
The plaintiff met her prima facie burden of showing that she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff submitted competent medical evidence establishing, prima facie, that she sustained fractures to her left wrist and that these fractures were caused by the accident. The defendant did not oppose the plaintiff's prima facie showing. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Eisenberg v Cope Bestway Express, Inc., 131 AD3d 1198, 1201).
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court